UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MAKOWIECKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PG&E CORPORATION, a California corporation, and PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>　　　　Defendants. | No. 2:17-cv-01630-JAM-CMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

　　Plaintiff Mark Makowiecki ("Plaintiff") alleges his employment with Defendants PG&E Corporation and Pacific Gas and Electric Company (collectively, "Defendants" or "PG&E") was wrongfully terminated in 2015. Plaintiff claims that, since then, Defendants have interfered with Plaintiff's ability to work with third parties and threatened him when he tried to come onto Defendants' premises to conduct work for third parties. See Compl., ECF No. 1. In August 2017, Plaintiff filed suit against Defendants alleging fourteen causes of action under state law and one cause of action under federal law. Id. Defendants move to

1

dismiss all claims for failure to state a claim.  See Mem., ECF No. 6.  Plaintiff opposes.  Opp'n, ECF No. 9.  For the reasons below, the Court dismisses the federal law cause of action with prejudice and dismisses the other causes of action without prejudice for lack of subject matter jurisdiction.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked for Defendants from August 2011 to August 2015 as an electrical inspector in Northern California.  See Compl. ¶ 4(a)(2).  After Plaintiff complained to one his superiors, Mr. Mike Novello, about compensation disparities between current employees and new hires, Defendants moved him to another PG&E location, put him on administrative leave, and then terminated him on August 4, 2015.  See Compl. ¶ 4(b)(4)-(10).  In July 2016, while working for a third party, Plaintiff had to visit one of Defendants' locations for work and was intimidated and threatened by Defendants' security personnel.  See Compl. ¶ 4(e)(1).  Plaintiff claims that Defendants used wire and wireless communications to cause the forcible removal of Plaintiff from their property.  See Compl. ¶ 4(m)(2).

Defendants also used wire and wireless communications to contact third parties to have Plaintiff's employment or contracts terminated with those third parties.  See Compl. ¶ 4(m)(2). Plaintiff claims that Defendants blackballed or blacklisted him. Compl. ¶ 4(m)(4).

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for Nov. 21, 2017.  In deciding this motion, the Court takes as true all well-pleaded facts in the operative complaint.

2

Plaintiff filed the operative complaint on August 6, 2017. See Compl. The Complaint contains fourteen state law causes of action and one cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. Defendants have moved to dismiss all causes of action for failure to state a claim and Plaintiff opposes. Mem.; Opp'n.

## II. OPINION

Plaintiff alleges that this Court has subject matter jurisdiction over this lawsuit based on his RICO claim. Compl. ¶ 1. But, for the reasons below, the Court finds that Plaintiff has not plausibly alleged that claim and the Court dismisses it with prejudice. The Court also declines to exercise supplemental jurisdiction over Plaintiff's remaining fourteen causes of action under state law.

### A. Subject Matter Jurisdiction

A federal district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (internal citations and quotation marks omitted). "In the usual case in which all federal-law claims are eliminated before trial, the balance of facts to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. (internal citation and quotation marks omitted).

Here, Plaintiff concedes that the Court's jurisdiction over

the subject matter of this action is based on the RICO claim and then supplemental jurisdiction over the other fourteen causes of action under state law.  See Compl. ¶ 1.

B.  Plaintiff's RICO Claim

RICO imposes criminal and civil liability on those who engage in specified "prohibited activities." H.J. Inc. v. Nw. Bell Tel., Co., 492 U.S. 229, 232 (1989).  The prohibited activities are defined in 18 U.S.C. § 1962(a)-(d).  In addition to alleging "prohibited activity", the plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property'." Living Designs, Inc. v. E.I. Dupont de Numours and Co., 431 F.3d 353, 361 (9th Cir. 2005) (internal citations and quotation marks omitted).  The "predicate acts" that constitute "racketeering activity" are defined under 18 U.S.C. § 1961(1) and include "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance . . . which is chargeable under State law[.]"

To plausibly allege a RICO violation, Plaintiff must also allege a pattern of predicate acts.  See H.J. Inc., 492 U.S. at 236.  A pattern requires at least two acts of racketeering activity within a 10-year period that suggest they are ordered or arranged in a pattern.  H.J. Inc., 492 U.S. at 232.  A pattern also requires continuity over a significant period of time.  H.J. Inc., 492 U.S. at 242 ("A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of

4

time.").

Continuity does not require a showing that the defendants engaged in more than one scheme or criminal episode. Medallion Television Enter., Inc. v. SelecTV of Cal., Inc., 833 F.2d 1360, 1363 (9th Cir. 1987) (internal citation and quotation marks omitted). But the case-specific circumstances must suggest that the predicate acts indicate a threat of continuing activity. Id. (internal citation omitted). A threat of continuing activity is absent where there is only a single alleged predicate act with a single victim. See id. at 1363-64.

Here, Plaintiff alleges that the predicate acts are false arrest and mail and wire fraud. See Opp'n at 9-10. And the alleged pattern of these predicate acts is based on "the manifestations of Mr. Novello's plan and scheme to punish plaintiff and hold him out as an example to others." Opp'n at 9; see also Compl. ¶ 4(m)(2). Plaintiff has provided no legal authority to support his RICO claim. See Opp'n at 9-10.

Even if Plaintiff had sufficiently alleged claims for false imprisonment or mail and wire fraud and the Court found both of these to be predicate acts, Plaintiff has not plausibly alleged a pattern of racketeering activity. Plaintiff has only alleged that Defendants' plan was to punish him and make an example of him. See Opp'n at 9; Compl. ¶ 4(m).

Plaintiff has not alleged (1) any other victims of the alleged mail or wire fraud and false imprisonment or (2) that Defendants are continuing to engage in the alleged mail or wire fraud and false imprisonment. See Compl. ¶ 4(m). Plaintiff does not plead the type of pattern under RICO that he needs to allege—

i.e. a threat of continuing activity involving multiple schemes or multiple victims. See Medallion Television Enter., Inc., 833 F.2d at 1364 ("Here, that [continuing] threat is absent. This case involved but a single alleged fraud with a single victim."); see also Durning v. Citibank, Int'l, 990 F.2d 1133, 1139 (9th Cir. 1993) (even where there was more than one victim of alleged fraud, the Court found no RICO violation since there was no threat of continued or ongoing criminal activity); see also Obeng-Amponsah v. Chase Home Fin., LLC, 624 F. App'x 459, 462 (9th Cir. 2015), cert. denied, 137 S. Ct. 163 (2016) ("Obeng only alleged underlying fraud and forgery as to a single victim (himself), which is insufficient for RICO."). The Court finds Plaintiff has failed to state a plausible RICO claim and dismisses it.

Having dismissed the only federal law claim in the Complaint, the Court exercises its discretion and dismisses all of Plaintiff's state-law claims without prejudice so that Plaintiff may refile these claims in the proper state court if he so chooses. See Sanford, 625 F.3d at 561.[2]

Finally, Plaintiff requested the Court to dismiss without prejudice if it rejected any claims in the complaint. See Opp'n at 15. But the Court need not grant leave to amend where amendment would be futile. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006). As explained above, Plaintiff has pleaded no facts nor cited any legal authority

---

[2] Both parties' requests for judicial notice are also denied since the documents referenced therein are unnecessary for the disposition of Defendants' motion.

supporting his RICO claim.  And Plaintiff has pointed to no facts
that suggest amendment could rectify this problem.  The Court
denies Plaintiff's request.

III.  ORDER

For the reasons set forth above, the Court GRANTS
Defendants' Motion to Dismiss Plaintiff's RICO claim with
prejudice and the remaining state-law claims without prejudice.

IT IS SO ORDERED.

Dated: December 6, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE